IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROSE HARPER                              :
3360 Chichester Ave                      :
Apt. P-19                                :
Boothwyn, PA 19016                       :
                                         :       CIVIL ACTION
                    Plaintiff            :
                                         :       NO.
                                         :
           v.                            :       JURY TRIAL DEMANDED
                                         :
THE GEO GROUP, INC. d/b/a                :
George W. Hill Correctional Facility     :
500 Cheyney Road                         :
Thornton, PA 19383                       :       COMPLAINT
                                         :
                                         :
                    Defendant            :
_____:

## COMPLAINT

1.  Plaintiff, Rose Harper, (hereinafter "Plaintiff" or " Martin") is  a female born in 1959, with medical restrictions which place her in the category of being disabled. When it comes to her employment, she  has been discriminated against and not accommodated when it comes to her disability and further discriminated against when it comes to her age, having been unfairly targeted, penalized and retaliated against as a result of raising claims of failure to accommodate her disability, and discrimination on account of age  by her employer, The GEO Group, Inc. d/b/a George W. Hill Correctional Facility (hereinafter "Defendant" or "GEO") Moreover, as a corrections officer employed by Defendant, she has been subjected to a  discriminatory atmosphere which pervades her workplace at the George W. Hill Correctional Facility in Thornton, Pennsylvania.   The discrimination has consisted of deliberate and repeated refusals to allow her to progress and maximize her earning potential on account of her age, and disability.

1

After reporting the discrimination internally and then dual filing a charge of discrimination with the EEOC and Pennsylvania Human Relations Commission, Plaintiff has continued to be harassed and retaliated against, with management allowing the discrimination to continue and the illegal working environment to prevail. The discrimination as well as the illegal environment have all been countenanced and supported by management.  Ms. Harper  now seeks to recover compensatory and punitive damages pursuant to 42 U.S.C. § 1981,  The Americans With Disabilities Act of 1990 as amended, The Age Discrimination in Employment Act of 1967, as amended, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 *et seq.*

## PARTIES

2.       Plaintiff Rose Harper is an adult female born in 1959 who resides in the Commonwealth of Pennsylvania.  She has been continuously employed by Defendant from April, 2012  through to the present , having worked and remained as a Correctional Officer at the George W. Hill Correctional Facility, a Delaware County prison operated by Defendant.  Given her age and disability, she is a member of various  protected categories of individuals under pertinent federal and state statutes.

3.       Defendant, The GEO Group, Inc. (GEO), headquartered in Boca Raton, Florida, is a publicly traded real estate investment trust that invests in private prisons and mental health facilities in North America, Australia, South Africa, and the United Kingdom. It was originally founded in 1984 as Wackenhut Corrections Corporation (WCC)). Pursuant to a contract with Delaware County, Pennsylvania,  GEO is responsible for the operation of the County's George W. Hill Correctional Facility. For the year 2019 it disclosed revenues of $2.477 billion and approximate number of employees of 22,000, of which Plaintiff is one.

2

4.      At all relevant times hereto, Defendant acted by and through its duly authorized actual and/or apparent agents and employees, including but not limited to Regional HR Director Nicole Moody, acting within the course and scope of their actual and/or apparent agency and employment.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction over the subject matter of Plaintiff's claims under federal law pursuant to 28 U.S.C. §1331.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, because the state claims and federal claims are so interrelated that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391(b) and (c) since Plaintiff and Defendant reside and/or do business in the Eastern District of Pennsylvania and the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## FULFILLMENT OF CONDITIONS

8.      Plaintiff has fulfilled all conditions precedent to the institution of this action under federal and state law.  Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRA") on or about April 2, 2019. The EEOC assigned her charge # 530-2019-01348. The Charge as filed claims age and disability discrimination on a continuing basis commencing from December 18, 2018. Plaintiff believes that she was discriminated against due to her protected disability status in violation of the Americans with Disabilities Act of 1990 as amended (the "ADA") as a result of denying her reasonable accommodation. In addition,

Plaintiff challenges Defendant's policies and practices as having an adverse impact on the employment of not only disabled employees, but also of older employees who are more likely to suffer from disabilities requiring accommodation. Hence Plaintiff has been adversely impacted as an older person in violation of the Age Discrimination in Employment act of 1967, as amended.

9.      The EEOC issued a Right to Sue letter to the Plaintiff on August 31, 2020 with respect to her charge This lawsuit has been timely filed as it has been brought within ninety (90) days of the issuance of the Right to Sue letters.

### FACTUAL ASSERTIONS

10.     Plaintiff has been employed by Defendant since April of 2012 as a correctional officer and has remained in that position ever since. Her goal has been to fulfill those responsibilities and increase her pay given her tenure.

11.     There are three separate shifts during which correctional officers work so as to provide the necessary twenty-four-hour coverage for the facility.  The first shift goes from 7:45 a.m. to 4:15 p.m.   The second shift went from 3:45 p.m. until 12:15. a.m. A third shift would go from 11:45 p.m. to 8:15 p.m. Customarily, Plaintiff has worked the second shift with additional time worked either before or after the second shift. However, due to her disability , Plaintiff has not been able to work the third shift.

12      In  March/April, 2018  a change was necessary in her work schedule given Plaintiff's medical condition. She requested a six-month accommodation and filled out Defendant's "Job Description- Correctional Officer (ADA ACCOMMODATIONS)" form substantiating the need for a disability accommodation indicating that she could no longer work

4

the third shift due to medical restrictions.  The form was signed by her physician Dr. M. Anthony

Albornoz on April 10, 2018 indicating that:

-"Pt cannot work 3rd shift due to medication side effects."

-"Pt cannot stand 100% due to pain- may need breaks occasionally due to severe pain

from fibromyalgia"

-"Pt cannot walk 100% of the time to  pain from fibromyalgia"

-"medication induced brain fog" (in response to question about her taking medicine that

affects ability to perform essential functions)

-"Pt cannot work 3rd shift due to taking the medication at night."

-"No adjustments required- just cannot work 3rd shift."

Further the form indicated that re-evaluation of the accommodation could be made in October,

2018. It should be noted that Plaintiff's physician had stated that Plaintiff could not work a 3rd

shift.

13.     Plaintiff's request was granted by letter of April 17, 2018 signed by Ms. Lisa

Riddle, Human Resources Manager. In pertinent part the letter reads:

> This office has reviewed your request for accommodations. According to your medical
> provider you are medically cleared to continue full duty work. Your doctor is
> recommending that you continue to be restricted to only working 8 hour shifts within any
> 24-hour period. You will be evaluated on October 18, 2018 to be determined whether this
> restriction  can be discontinued. The limitations are as follows:
>
> **1.   Limit work schedule to 8-hour shifts—40 hours per week.**
>
>      .......

It should be noted that Defendant went beyond Plaintiff's physician's request to keep her from

working a third shift, instead limiting her to an 8-hour shift.

14.     On October 5, 2018 Ms. Riddle again sent Plaintiff's physician, Dr. Albornoz,

Defendant GEO's Job Description- Correctional Officer (ADA ACCOMMODATIONS) form. The form was signed by him on October 15, 2018 stating in pertinent part:

-"Pt cannot work 3rd shift due to medication side effects."

- "Pt cannot work 3rd shift due to medication."

- "Pt cannot stand 100% due to pain- may need breaks occasionally due to severe pain from fibromyalgia."

-"Pt cannot walk 100% of the time due to pain from fibromyalgia."

- Listing "fibromyalgia" as a mental or physical impairment, he states that she is taking medication that affects her ability to perform the essential functions of the job indicating that the medications make for "brain fog (mild cognitive impairment) as well as medication in conjunction with Plaintiff's condition of sleep apnea.

- As far as limitations are concerned, Plaintiff's physician states "No 3rd shift. Patient takes medication at night."

Again, in no way was Plaintiff's physician limiting her work to eight hours.

15.     Plaintiff  was requesting the very same accommodation again in October/November, 2018. On December 14, 2018 Plaintiff met with Ms. Riddle who told her that while Plaintiff's physician had indicated that she could not sit, stand or walk due to severer pain and flair-ups,  Ms. Nicole Moody, Regional HR Director had told her that Plaintiff was able to do those things. Accordingly, Plaintiff was informed that her ADA application for accommodation would be denied. This denial was later confirmed by correspondence from Ms. Riddle dated December 18, 2018 stating that GEO could not modify the essential functions of Plaintiff's position. It bears telling however, that at no time has Plaintiff ever requested a change in her job duties or functions.

16.     After Plaintiff learned that her request was denied and that Regional HR Director Nicole Moody had stated that she did not believe that Plaintiff needed medical accommodations, Plaintiff submitted a formal complaint to upper management. After waiting for over three months and failing to receive a response, Plaintiff dual-filed her EEOC and PHRC charge.

17.     On December 9, 2019 a "DETERMINATION" was issued by Jamie R. Williamson, District Director of the Philadelphia Office of the U.S. Equal Employment Opportunity Commission in Plaintiff's favor stating " Based on an analysis of the evidence obtained in the investigation, I have determined that there is reasonable cause to believe that Respondent violated the ADA ."

18.     Plaintiff believes that Ms. Moody intentionally did not approve her request for continued accommodation because Ms. Riddle informed her that Plaintiff might file charges with the EEOC.

19.     Plaintiff supplied substantial medical justification demonstrating that she had a medical condition that substantially limited a major life activity; in this case, her job. This fulfilled the definition of "disability" under the ADA.

20.     At all times, Plaintiff engaged in the interactive process when it came to following protocol consisting of reapplying for six-month re-accommodation, and providing necessary and relevant medical documentation as required.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990).

### Rose Harper v. GEO

21. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

22. The ADA prohibits discrimination against individuals on the basis of disability in regard to the terms, conditions and privileges of employment, including termination of employment.

23. The ADA requires employers to make reasonable accommodations, including medical leave, for employees with disabilities, unless such accommodation would impose an undue hardship on the operation of the employer's business.

24. At all times relevant hereto, Ms. Harper qualified as an individual with a disability within the meaning of the ADA.

25. At all times relevant hereto, Defendant regarded Ms. Harper as an individual with a disability within the meaning of the ADA.

26. Defendant is an employer subject to and obligated to comply with the requirements of the ADA.

27. Defendant failed to accommodate Ms. Harper in terms of her employment because of her disability.

28. Defendant retaliated against Ms. Harper for requesting leave as a reasonable accommodation for her disability and exercising her rights under the ADA.

29. Ms. Harper's request for ADA accommodation clearly did not impose an undue

8

hardship on the Defendant's business as it was granted in the first instance and could have been granted in the second.

30.    Based upon the foregoing facts, Defendant discriminated against Ms. Harper on the basis of her disability and deprived her of her rights in violation of the Americans with Disabilities Act.

31.    The unlawful failure to accommodate and retaliation by Defendant were intentional, outrageous, willful and were with malice or reckless indifference to Plaintiffs rights.

32.    By reason of Defendant's unlawful discrimination and retaliation, Plaintiff is entitled to all legal and equitable remedies available under the Americans with Disabilities Act.

WHEREFORE, Plaintiff Rose Harper  demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper. herein.

## COUNT II

**DISABILITY DISCRIMINATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT,** Act of 1955, P.L. 744, No. 222, AS AMENDED JUNE 25, 1997 BY Act 34 OF 1997, 43 P.S. §§ 951-963

### Rose Harper vs. GEO

33.    Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

34.    The PHRA prohibits discrimination against individuals on the basis of disability in regard to the terms, conditions and privileges of employment, including termination of employment.

9

35.    The PHRA requires employers to make reasonable accommodations, for employees with disabilities, unless such accommodation would impose an undue hardship on the operation of the employer's business.

36.    At all times relevant hereto, Ms. Harper qualified as an individual with a disability within the meaning of the PHRA.

48.    At all times relevant hereto, Defendant regarded Ms. Harper as an individual with a disability within the meaning of the PHRA.

49.    Defendant is an employer subject to and obligated to comply with the requirements of the PHRA.

50.    Defendant failed to accommodate Ms. Harper in her employment because of her disability.

51.    Defendant retaliated against Ms. Harper for requesting a reasonable accommodation for her disability, renewing that request, and exercising her rights under the Pennsylvania Human Relations Act.

52.    Defendant did not make reasonable accommodations for Ms. Harper's disability.

53.    As indicated by the fact that her first request for accommodation was approved, clearly Ms. Harper's request for accommodation did not impose an undue hardship on the Defendant's business.

54.    Based upon the foregoing facts, Defendant discriminated against Ms. Harper on the basis of disability and deprived her of her rights in violation of the Pennsylvania Human Relations Act.

55.    The unlawful failure to accommodate Ms. Harper and the retaliation by

Defendant were intentional, outrageous, willful and were made with malice or reckless indifference to Plaintiff's rights.

56.     By reason of Defendant's unlawful discrimination, Plaintiff is entitled to all legal and equitable remedies available under the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff Rose Harper  demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT III

**AGE DISCRIMINATION IN EMPLOYMENT, CREATING A HOSTILE WORK ENVIRONMENT AND RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 29 U.S.C. §621,** *et seq.* **as amended**

**Rose Harper v. GEO**

57.     Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

58.     The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.* as amended ("ADEA"), makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of age.  At all times complained of herein, Plaintiff was an employee in the protected age category, of at least 40 years of age, pursuant to 29 U.S.C. §631.

59.     The ADEA at Section 623 (a) provides that it is unlawful for an employer "(1)…to discharge or otherwise discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment because of such individual's age;

(2) to limit, segregate or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age;" Further, Section 623(d) makes it illegal for an employer to discriminate against an employee for his or her opposition to unlawful practices.

60.     As a member of the protected age category under the ADEA, Plaintiff has applied for and been denied proper job accommodation. Born in 1959, her approximate age is 61. Plaintiff contends that younger individuals do not experience the same difficulty in being accommodated. Rather, Plaintiff and those of her age experience an adverse impact when it comes to applying and reapplying for ADA accommodation.

61.     Defendant is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the hostile work environment created by the actions and statements of its managers, employees and agents.

62.     Defendant is liable for the acts of its managers, employees and agents, because it knew of their proclivities when it came to age discrimination towards Plaintiffs and permitted a hostile work environment to exist, but did nothing about it.

63.     The age discrimination detrimentally affected Plaintiff and made her suffer emotional distress as a result of Defendant's actions when it came to her applying for accommodation.

64.     Defendant is liable for the acts alleged herein because its managers, employees and agents established the culture, which encouraged age discrimination, harassment and retaliation, as well as other forms of discrimination.

65.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her age, retaliated against her for standing up for herself, and has deprived her of her

rights in violation of The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.*

66.     The described unlawful employment practices by Defendant were intentional, deliberate, willful and were with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the laws of the Commonwealth of Pennsylvania.  These unlawful acts were committed because of her age and were in retaliation against her standing up for herself, in opposition to illegal practices directed against her.

67.     The effect of the aforementioned practices has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her age.

68.     By reason of Defendant's discrimination and retaliation, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant and request an award of relief including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT IV

**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, Act of 1955, P.L. 744, No. 222, AS AMENDED JUNE 25, 1997 BY Act 34 OF 1997, 43 P.S. §§ 951-963**

### AGE DISCRIMINATION IN EMPLOYMENT, CREATING A HOSTILE WORK ENVIRONMENT AND RETALIATION

### Rose Harper vs. GEO

69.     Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

70.     This claim arises under the Pennsylvania Human Relations Act ("PHRA"). The Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment.

71.     Plaintiff is in a protected class because of her age.

72.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of age and has deprived her of her rights in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955 *et. seq.*

73.     The effect of the aforementioned practices has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her age.

74.     By reason of Defendant's discrimination and retaliation, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant County and request an award of relief including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

<u>**JURY DEMAND**</u>

The Plaintiff demands a trial by jury of eight on all issues triable by a jury.

<u>**CERTIFICATION**</u>

I hereby certify that Plaintiff has not brought a similar or related lawsuit encompassing the claims brought in this matter.

Respectfully Submitted,

**MARK D. SCHWARTZ, ESQUIRE**

By:  /s/Mark D. Schwartz
      Mark D. Schwartz, Esquire (Pa ID #30527)

14

300 Sandcastle Drive
BRYN MAWR, PA 19010
Telephone & Fax 610 525-5534
Markschwartz6814@gmail.com

**THE PEARLMAN LAW FIRM, PLLC**

By:	/s/ Jason L. Pearlman
Jason L. Pearlman, Esquire (Pa ID #93879)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004
610-660-7793
jpearlman@pearlmanlawfirm.com

DATED: November  27 , 2020	*Attorneys for Plaintiff Rose Harper*

## VERIFICATION

I, Rose Harper , do hereby certify that I am the Plaintiff in the within action, and that the

facts contained in the foregoing Complaint are true and correct to the best of my knowledge,

information and belief.  I do further understand that these statements are made subject to the

penalties of 18 Pa.C.S. § 4904, relating to unsworn falsifications to authorities.

_____
Rose Harper

Dated: 11. 27. 2020